UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARIA GLORIA AGUILAR-ANDRADE,<br><br>　　　　　　　　　Defendant. | Case No.:  21-CR-413-GPC<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>[ECF No. 104] |

On October 30, 2023, Maria Gloria Aguilar-Andrade ("Defendant") filed a motion to reduce her sentence by four months under 18 U.S.C. § 3582(c)(2) pursuant to the new zero-point offender provision of U.S.S.G. § 4C1.1. ECF No. 104 at 1.[1] The government opposes, arguing that Defendant should not receive a sentence reduction because Defendant's sentence falls below the guidelines range even after applying the zero-point offender provision. ECF No. 110 at 3.

A defendant is eligible to receive the benefit of a retroactive two-point offense level reduction if the defendant is a zero-point offender, meaning they "present zero criminal

---

[1] Citations reflect CM/ECF pagination.

1

21-CR-413-GPC

history points and satisfy the criteria listed in U.S.S.G § 4C1.1(a)." *United States v. Valenzuela*, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024). Here, Defendant has zero criminal history points. ECF No. 93 at 8–9. But the Court took into account Defendant's minimal criminal history at sentencing, which resulted in a sentence far below the low end of the guidelines range. ECF No. 101 at 2; ECF No. 110 at 3. Therefore, the Court declines to grant Defendant a sentence reduction based on the new zero-point offender provision under U.S.S.G. § 4C1.1.

For the foregoing reasons, the Court **DENIES** Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**

Dated:  March 25, 2024

Hon. Gonzalo P. Curiel
United States District Judge