UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIA GLORIA AGUILAR-ANDRADE,<br><br>Defendant. | Case No.: 21-CR-0413-GPC<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**[ECF No. 121]** |

Before the Court is Defendant Maria Gloria Aguilar-Andrade ("Defendant")'s unopposed motion seeking an early termination of supervised release under 18 U.S.C. § 3583(e)(1). ECF No. 121. For the reasons set forth below, the Court DENIES Defendant's motion for early termination WITHOUT PREJUDICE.

## BACKGROUND

On February 9, 2023, Defendant pled guilty for violations of 21 U.S.C. §§ 952 and 960 for Count I, Importation of Methamphetamine, and Count II, Importation of Fentanyl. ECF No. 90. On June 12, 2023, this Court sentenced Defendant to 24 months for each count to run concurrently, followed by three years of supervised release. ECF

1

No. 101 at 1-3.[1] The Defendant's term of supervised release commenced on October 8, 2024.[2] On February 19, 2026, with the assistance of counsel, Defendant filed an unopposed motion seeking an early termination of supervised release under 18 U.S.C. § 3583(e)(1). ECF No. 121.

## LEGAL STANDARD

Under § 3583(e), a district court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release… if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the statute directs district courts to consider factors set forth in 18 U.S.C. § 3553(a). *Id.* Such factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) deterrence of criminal conduct; (3) protection of the public from further potential crimes by defendant; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense." *U.S.A v. Defendant(s)*, Case No. 2:3-13-CR-00183-MRA-2, 2026 WL 130588, at *1 (C.D. Cal. Jan. 14, 2026); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

Neither unusual hardship nor exceptional circumstances are required to prevail on a motion for early termination. *United States v. Ponce*, 22 F.4th 1045, 1047-48 (9th Cir. 2022). Further, "the language of § 3583(e) gives district courts broad discretion in

---

[1] Page numbers reflect CM/ECF pagination.

[2] Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited March 6, 2026).

*21-CR-0413-GPC*

determining whether to grant a motion to terminate supervised release." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

## DISCUSSION

To prevail under § 3583(e), the defendant bears the burden falls to justify the early termination of supervised release. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Here, however, Defendant only argues termination of supervised release is warranted by her "exemplary conduct" while on supervision and "the interest of justice." ECF No. 121. Defendant's motion asserts in a conclusory fashion that "all conditions have been satisfied" and fails to offer concrete reasons supporting how the factors under § 3553 are met. *Id.* Beyond completing sixteen months of her term of supervised release, Defendant fails to describe anything related to her exemplary conduct or how the early termination of supervised release supports the interests of justice. Defendant only offers that Probation has no objection to early termination and that the Government defers to probation. *Id.*

While the Court acknowledges the unopposed nature of Defendant's motion, the conclusory statements are insufficient to demonstrate why relief should be granted. *United States v. Williams*, No. 2:12-CR-463-JCM, 2019 WL 5543057, at *6 (D. Nev. Oct. 25, 2019) (denying a motion for early termination of supervised release when defendant failed to present any information to meet her burden for the court to consider); *see also Emmett*, 749 F.3d at 821 (holding a district court must consider nonfrivolous, factual arguments presented by defendants, establishing that the entire process must be grounded in factual analysis).

Given these considerations, the Court finds that Defendant has not met her burden of demonstrating that early termination of supervised release is justified.

/ / /

/ / /

/ / /

*21-CR-0413-GPC*

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for early termination of supervised release **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  March 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

4

*21-CR-0413-GPC*